UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SIR-JAYMES DANIELS,

                Petitioner,

v.

CHRIS BECKER et al.,

                Respondents.

_____/

Case No. 1:23-cv-877

Honorable Phillip J. Green

## **OPINION**

Petitioner Sir-Jaymes Daniels is presently serving a sentence of six months' probation under the supervision of the Michigan Department of Corrections (MDOC). He has filed this action primarily seeking the dismissal of all criminal charges against him or, alternatively, the reexamination of his guilty plea and the opportunity to participate in the criminal proceedings with accommodations for his hearing- and communication-related disabilities. Accordingly, the Court has construed Petitioner's action as a petition for habeas corpus pursuant to 28 U.S.C. § 2254.[1] In a separate order, the Court granted Petitioner leave to proceed *in forma pauperis*.

_____

[1] It is somewhat unclear whether Petitioner originally sought to bring a civil complaint for damages, a petition for writ of habeas corpus, or a hybrid action. Regardless of Petitioner's intent, courts generally have been reluctant to allow hybrid civil rights/habeas actions, given that civil rights actions and habeas petitions have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage. *See Spencer v. Barret*, No. 14-10823, 2015 WL 4528052, at *4 (E.D. Mich. July 27, 2015); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (reasons for not allowing a prisoner to transform a § 1983 action into one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)); *Dunbar v. Rozen*, No. 1:18-cv-617, 2019 WL 3213757, at *2 (W.D. Mich. July 17, 2019) (holding that a "hybrid" action involving both civil rights and habeas claims "presents significant problems," and courts typically have directed prisoners to file separate

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case ...." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

---

actions) (citing *Kirk v. Jablonski*, No. 18-cv-288, 2019 WL 1283009, at *1 (D.N.M. Mar. 20, 2019)); *Mittelstadt v. Wall*, No. 14-cv-423-jdp, 2014 WL 5494169, at *2 (W.D. Wisc. Oct. 30, 2014) (holding that prisoner "cannot pursue both habeas and § 1983 claims in a single lawsuit"). Given the relief sought by Petitioner, the Court has construed Petitioner's pleading as a petition for writ of habeas corpus. If Petitioner also intends to bring a civil action for damages, Petitioner may file a separate action on the form approved by this Court. *See* W.D. Mich. L.CivR 5.6(a).

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[2] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

---

[2] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and ... not tak[ing] an opinion on the meaning of 'parties' in other contexts").

## Discussion

### I.     Factual Allegations

Petitioner reports that he is hard of hearing and suffers from a "compound express communication disorder." (ECF No. 1-1, PageID.15; ECF No. 1, PageID.6.) On March 1, 2022, Petitioner was charged with carrying a concealed weapon, in violation of Mich. Comp. Laws § 750.227, and possession of a loaded firearm in or upon a vehicle, in violation of Mich. Comp. Laws § 769.12. (ECF No. 1, PageID.6; ECF No. 1-1, PageID.16.) As early as March 18, 2022, and throughout the criminal proceedings against him, Petitioner made multiple requests that the court provide accommodations for his hearing- and communication-related disabilities; however, Petitioner did not receive any such accommodations. (*Id.*) As a result, Petitioner was unable to effectively communicate with his counsel, or prepare and participate in the proceedings against him. (ECF No. 1, PageID.7.)

Petitioner alleges that his case was scheduled for trial on May 23, 2023. (ECF No. 1-1, PageID.20.) However, Petitioner's attorney appeared without trial materials and only the prosecutor's offer in hand. (ECF No. 1, PageID.8.) Petitioner contends that his counsel was unprepared, withheld evidence, and shared privileged information with the prosecution. (*Id.*, PageID.6, 8, 11.) This, combined with the prosecution's threat of remand, led Petitioner to plead guilty to possession of a loaded firearm in or upon a vehicle. (*Id.*, PageID.6, 8); Offender Tracking Information,   https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=762843   (last accessed Aug. 29, 2023). Petitioner's plea was recorded on June 20, 2023. (ECF No. 1-1, PageID.20.) Due to Petitioner's communication disorder, Petitioner was unable to adequately express to the court that Petitioner felt coerced into entering a guilty plea. (ECF No. 1, PageID.6.)

Petitioner later filed a motion to withdraw his plea on August 11, 2023, but it appears that the motion was denied. (ECF No. 1, PageID.9.)[3]

On August 16, 2023, Petitioner was sentenced to six months of probation under the supervision of the MDOC. (ECF No. 1-1, PageID.20); Offender Tracking Information, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=762843 (last accessed Aug. 29, 2023). Two days later, on August 18, 2023, Petitioner filed the present action, which the Court has construed as a habeas corpus petition. The petition raises 4 grounds for relief, as follows:

I.      Violation ADA

II.     Coercion and duress

III.    Coercion via deceptive tactics

IV.     Ineffective assistance of counsel

(ECF No. 1, PageID.6, 8, 9.)[4]

## II.      Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77

---

[3] Petitioner's reference to "August 11, *2022*" (ECF No. 1, PageID.9) (emphasis added) appears to be a typographical error. The Kent County Circuit Court Register of Actions for Petitioner's criminal prosecution indicates that Petitioner filed a motion on August 11, 2023, but it characterizes the motion as a motion to dismiss, not a motion to withdraw plea. *See* Register of Actions, *People v. Daniels*, No. 22-0369-FH (Kent Cnty. Cir. Ct.), https://www.accesskent.com/CNSearch/appStart.action (search "Last Name" Daniels, "Year of Birth" 1987, complete reCAPTCHA; select "Case Number" 22-03639; last accessed Aug. 31, 2023).

[4] Petitioner's pleading identifies three "claims" ("claim 1," "claim #2," and "claim #3"); however, the Court has included all four of Petitioner's headings as habeas grounds for relief.

(1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to

all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at

845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483

(6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly

appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822

F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th

Cir. 1994). Here, Petitioner was sentenced only two days before filing this action. Petitioner does

not contend—nor realistically could he—that he has fairly presented his claims to all levels of the

state appellate system. Indeed, Petitioner does not contend that he has even initiated a direct appeal.

An applicant has not exhausted available state remedies if he has the right under state law

to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at

least one available procedure by which to raise the issues he has presented in this application: he

may file an application for leave to appeal to the Michigan Court of Appeals. *See* Mich. Court Rule

7.203(B); 7.205(A)(2)(a).[5] If Petitioner does so, he must then seek leave to appeal any decision by

the court of appeals to the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley,* 902 F.2d

at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by

28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan

Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

---

[5] *See also* Register of Actions, *People v. Daniels*, No. 22-0369-FH (Kent Cnty. Cir. Ct.), https://www.accesskent.com/CNSearch/appStart.action (search "Last Name" Daniels, "Year of Birth" 1987, complete reCAPTCHA; select "Case Number" 22-03639; last accessed Aug. 31, 2023) (recording a "Notice of Right to Appeal" filed on August 24, 2023).

It appears that Petitioner may have turned to this Court because of the short sentence imposed by the state court. The requirement to exhaust is not absolute. A court may grant habeas relief despite lack of exhaustion where: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Ordinary delay in proceeding through the state courts, however, does not warrant excusing the exhaustion requirement.

The Sixth Circuit has recently made clear that "delay, standing alone, has never been enough" to excuse the exhaustion requirement. *Johnson v. Bauman*, 27 F.4th 384, 395 (6th Cir. 2022). Delay may be Petitioner's concern—not that the state court would take longer than it should to decide Petitioner's claims, but that, by the time Petitioner proceeded through the Michigan Court of Appeals and the Michigan Supreme Court, his request would be moot because his sentence of six months' probation would have been served in its entirety. That sort of delay is simply inherent in the exhaustion requirement; it does not warrant excusing the requirement. *See, e.g.*, *Kyte v. Warden, Hamilton Cnty. Justice Ctr.*, No. 1:19-cv-809, 2020 WL 3960467, at *1 n.2 (S.D. Ohio, July 13, 2020) ("This Court has rejected the proposition that ordinary delay in reaching cases for decision on direct appeal renders the direct appeal remedy futile, finding [t]he logical result of such a proposal would be to render the exhaustion rule meaningless, at least in cases with relatively short sentences." (internal quotation marks omitted)); *Gonzalez-Aguilera v. Franke*, No. 2:12-cv-01438-BR, 2013 WL 2149620, at *3 (D. Or. May 14, 2013) ("[A]s this Court has repeatedly held, the fact that a petitioner may be serving a relatively short sentence does not constitute an extraordinary circumstance justifying federal intervention . . . . To hold otherwise would permit every state prisoner with a short sentence to bypass state remedies, a result which would be directly

contrary to the strong presumption in favor of exhaustion." (internal quotation marks and citations omitted)).

Because Petitioner has failed to exhaust his claims, his petition is properly dismissed without prejudice.

Petitioner's habeas petition is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As noted *supra*, Petitioner has not yet appealed his conviction and sentence to the Michigan Court of Appeals. Petitioner may file an application for leave to appeal in the Michigan Court of Appeals until six months after the date his judgment of sentence was entered. *See* Mich. Ct. R. 7.205(A)(2)(a). Thus, his period of limitation has not yet started running.

The Sixth Circuit has indicated that thirty days is a reasonable amount of time for a petitioner to take the steps necessary to return to the state courts to exhaust his remedies, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002); *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has well more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted, and the Court will dismiss the petition for failure to exhaust available state-court remedies.

8

## III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly dismissed for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## <u>Conclusion</u>

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies and denying a certificate of appealability.

9

Dated:    September 11, 2023                    /s/ Phillip J. Green
                                               Phillip J. Green
                                               United States Magistrate Judge